IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| ALEXIS PEREZ, | |
|---|---|
| Petitioner, | No. 9:17-cv-00353-JKS |
| vs. | MEMORANDUM DECISION |
| M. BRECKON,[1] | |
| Respondent. | |

On March 29, 2017, Alexis Perez ("Perez" or "Petitioner"), a federal prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. (Docket No. 1). In his Petition before this Court, Perez does not contest his judgment of conviction but rather challenges the constitutionality of a prison disciplinary hearing arising from an email sent from his prison email account threatening bodily harm to an Assistant Warden Officer. On August 17, 2017, Respondent answered, and on September 8, 2017, Perez replied. (Docket Nos. 5, 6). On September 22, 2017, Respondent filed a Surreply. (Docket No. 7). This case is now before the undersigned Judge and ripe for adjudication.

**I. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2241, federal prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States," may seek habeas corpus review. 28 U.S.C. § 2241(c)(3). Relief under § 2241 is available to a federal prisoner who challenges the manner in which a sentence is implemented, as opposed to challenging the underlying legality of the

---

[1] On January 10, 2019, Perez moved to Federal Correctional Institution Coleman Medium, and is now under the custody of Warden J.P. Yates. (Docket No. 10).

conviction. *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001) (*citing Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir. 1997)). As the Second Circuit has explained:

> Section 2241 . . . is the proper means to challenge the execution of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, *disciplinary actions taken against him*, the type of detention, and prison conditions in the facility where he is incarcerated.

*Adams v. United States*, 372 F.3d 132, 135 (2d Cir. 2004) (*emphasis added*); *see also Thompson v. Choinski,* 525 F.3d 205, 209 (2d Cir. 2008).

In order to protect a Petitioner's due process rights, "the Supreme Court has clarified that judicial review of the written findings required by due process is limited to determining whether the disposition is supported by 'some evidence.'" *Whitley v. Miller*, 57 F. Supp. 3d 152, 158 (N.D.N.Y. 2014) (*citing Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004)). Furthermore, the Second Circuit has explained that a finding of "some evidence" requires an evaluation of whether "there was reliable evidence of the inmate's guilt." *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004).

## I. BACKGROUND/PRIOR PROCEEDINGS

On March 29, 2017, when Perez filed the instant petition, he was in the custody of the Federal Bureau of Prisons ("BOP") and incarcerated at the Federal Correctional Institution Ray Brook located in Ray Brook, New York. (Docket No. 1). Ray Brook, New York is located within the jurisdiction of the Northern District of New York. On January 10, 2019, Perez was transferred to the Federal Correctional Institution Coleman Medium ("FCI Coleman") located in

Sumpterville, FL. (Docket No. 10). Sumpterville, Florida is located within the jurisdiction of the Middle District of Florida.

## II. JURISDICTION AND VENUE

Pursuant to 28 U.S.C. § 2241(a), a petition for a writ of habeas corpus must be filed in the federal district court where the petitioner is incarcerated. At the time he initially filed his Petition, this Court was the proper venue because he was then incarcerated and located within the Northern District of New York. However, when Perez was transferred from Ray Brook to Coleman, his § 2241 claims against Ray Brook became moot, as he was no longer confined at that facility and its warden no longer had custody over him. *See Sweeper v. Taylor*, 383 F. App'x 81, 82 (2d Cir. 2010) (citing *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996)).

Thus, this Court is no longer the proper venue to hear Perez's § 2241 habeas claims. Because Perez is currently in custody at FCI Coleman, any § 2241 habeas petition arising out of his conditions of confinement must be brought in the appropriate district court in Florida. *See Skaftouros v. United States,* 667 F.3d 144, 146 n.1 (2d Cir. 2011) ("The Supreme Court has made clear that whenever a 28 U.S.C. § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (*citing Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) (quotations omitted)); *Billiteri v. United States Board of Parole*, 541 F.2d 938, 948 (2d Cir. 1976) ("In order for a court to entertain a habeas corpus action, it must have jurisdiction over the petitioner's custodian.").[2]

---

[2] "However, this rule is not jurisdictional in the sense of a limitation on subject-matter jurisdiction. Therefore, the Government may waive objections to the immediate-custodian rule." (*Skaftouros v. United States,* 667 F.3d 144, 146 n.1 (2d Cir. 2011)" (*citing Rumsfeld v. Padilla*,

3

Pursuant to 28 U.S.C. § 1406(a),³ this Court has broad discretion to transfer cases to another judicial district. *See, e.g.*, *Blakely v. Lew*, 607 F. App'x 15, 18 (2d Cir. 2015) ("[the] decision whether to dismiss or transfer a case "lies within the sound discretion of the district court.") *(quoting Minette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993). Because Perez is still subject to the loss of twenty seven days of good time credit and may receive relief should the Middle District of Florida find his claims meritorious,⁴ the Court tentatively concludes that transfer is appropriate. *See Peon v. Thornburgh*, No. 18 Civ. 11037, 2018 WL7142206 at *2, – F. Supp. 3d – (S.D.N.Y. Dec. 10, 2018) (transferring § 2241 petition under 28 U.S.C. § 1406(a) because "the interests of justice will be served by transferring the petition to that jurisdiction [where petitioner is being held] rather than dismissing it entirely.")

### III. CONCLUSION AND ORDER

**IT IS THEREFORE ORDERED THAT** on or before March 8, 2019, any party opposing transfer of this action, for any reason, must show cause as to why this Petition should not be transferred to the Middle District of Florida, and why it should be dismissed, or if Respondent is willing to waive any objection to venue, why the Petition should be resolved by this Court. In the absence of a response, the Court will transfer this Petition without further notice. Until that time, this decision will be subject to revision in conformity with Federal Rule of Civil Procedure 54(b).

---

542 U.S. 426, 451-52 (2004) (quotations omitted)).

³ 28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

⁴ The Court should note that it expresses no opinion on the merits of Perez's Petition.

4

Dated: February 15, 2019.

                                              <u>/s/ James K. Singleton, Jr.</u>
                                              JAMES K. SINGLETON, JR.
                                              Senior United States District Judge